THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The State, Petitioner,
 
 
 

v.

 
 
 
 Terrence Damon Johnson, Respondent.
 
 
 

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS 

Appeal From Charleston County
 A. Victor Rawl, Circuit Court Judge

Memorandum Opinion No. 2005-MO-011
Submitted March 21, 2005  Filed April 11, 2005

AFFIRMED IN PART, VACATED IN PART

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Petitioner
 Anthony B. ONeill, Sr., Esquire, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Prior to being tried on various drug charges, respondent successfully moved to suppress evidence of the drugs, arguing they had been obtained pursuant to an illegal seizure.  The Court of Appeals upheld the Circuit Courts finding that respondent was unlawfully detained by police.  However, the Court of Appeals remanded the case to the Circuit Court for a specific ruling on whether respondent voluntarily consented to the search of his vehicle notwithstanding the illegal seizure.  State v. Johnson, Op. No. 2003-UP-757 (S.C. Ct. App. filed December 23, 2003).
Petitioner seeks a writ of certiorari to review the Court of Appeals ruling that respondent was unlawfully detained by police.  Additionally, petitioner seeks review of the Court of Appeals decision to remand the case to the Circuit Court for a specific ruling on whether respondent voluntarily consented to the search of his vehicle.
We agree respondent was subject to an unlawful seizure.  Furthermore, we hold the Circuit Courts ruling includes a determination that respondents consent to the search of his vehicle was not voluntary.  Accordingly, we grant the petition for a writ of certiorari, dispense with further briefing, affirm the Court of Appeals finding of an illegal seizure, and vacate that portion of the decision which remands the case to the Circuit Court.
AFFIRMED IN PART, VACATED IN PART.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.